IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


MYKISHA L. IKERD,

                    Plaintiff,

vs.                                    Case No. 17-2141-SAC

NANCY A. BERRYHILL,
Acting Commissioner of
Social Security,

                    Defendant.


MEMORANDUM AND ORDER

     This is an action reviewing the final decision of the
Commissioner of Social Security denying the plaintiff disability
insurance benefits and supplemental security income payments.
The matter has been fully briefed by the parties.

**I.  General legal standards**

     The court's standard of review is set forth in 42 U.S.C.
§ 405(g), which provides that "the findings of the Commissioner
as to any fact, if supported by substantial evidence, shall be
conclusive."  The court should review the Commissioner's
decision to determine only whether the decision was supported by
substantial evidence and whether the Commissioner applied the
correct legal standards.  Glenn v. Shalala, 21 F.3d 983, 984
(10th Cir. 1994).  Substantial evidence requires more than a

scintilla, but less than a preponderance, and is satisfied by such evidence that a reasonable mind might accept to support the conclusion.  The determination of whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it really constitutes mere conclusion.  Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).  Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted.  Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational.  Graham v. Sullivan, 794 F. Supp. 1045, 1047 (D. Kan. 1992).  The court should examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met.  Glenn, 21 F.3d at 984.

The Social Security Act provides that an individual shall be determined to be under a disability only if the claimant can establish that they have a physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity (SGA).  The claimant's physical or

2

mental impairment or impairments must be of such severity that they are not only unable to perform their previous work but cannot, considering their age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.  42 U.S.C. § 423(d).

The Commissioner has established a five-step sequential evaluation process to determine disability.  If at any step a finding of disability or non-disability can be made, the Commissioner will not review the claim further.  At step one, the agency will find non-disability unless the claimant can show that he or she is not working at a "substantial gainful activity."  At step two, the agency will find non-disability unless the claimant shows that he or she has a "severe impairment," which is defined as any "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities."  At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled.  If the claimant's impairment does not meet or equal a listed impairment, the inquiry proceeds to step four, at which the agency assesses whether the claimant can do his or her previous work; unless the claimant shows that he or she cannot perform their previous work, they are determined not to be disabled.  If

the claimant survives step four, the fifth and final step requires the agency to consider vocational factors (the claimant's age, education, and past work experience) and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. Barnhart v. Thomas, 124 S. Ct. 376, 379-380 (2003).

The claimant bears the burden of proof through step four of the analysis. Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993). At step five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in the national economy. Nielson, 992 F.2d at 1120; Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993). The Commissioner meets this burden if the decision is supported by substantial evidence. Thompson, 987 F.2d at 1487.

Before going from step three to step four, the agency will assess the claimant's residual functional capacity (RFC). This RFC assessment is used to evaluate the claim at both step four and step five. 20 C.F.R. §§ 404.1520(a)(4), 404.1520(e,f,g); 416.920(a)(4), 416.920(e,f,g).

## II. History of case

On November 18, 2015, administrative law judge (ALJ) Michael D. Shilling issued his decision (R. at 11-24). Plaintiff alleges that she has been disabled since December 1, 2011 (R. at 11). Plaintiff is insured for disability insurance

4

benefits through December 31, 2016 (R. at 13).  At step one, the ALJ found that plaintiff has not engaged in substantial gainful activity since the alleged onset date (R. at 13).  At step two, the ALJ found that plaintiff has severe impairments (R. at 13). At step three, the ALJ determined that plaintiff's impairments do not meet or equal a listed impairment (R. at 15).  After determining plaintiff's RFC (R. at 15), the ALJ found at step four that plaintiff is unable to perform past relevant work (R. at 23).  At step five, the ALJ found that plaintiff could perform other work that exists in significant numbers in the national economy (R. at 23-34).  Therefore, the ALJ concluded that plaintiff was not disabled (R. at 24).

## III.  Did the ALJ err in his analysis of plaintiff's credibility?

Credibility determinations are peculiarly the province of the finder of fact, and a court will not upset such determinations when supported by substantial evidence.  However, findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings.  Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995).  Furthermore, the ALJ cannot ignore evidence favorable to the plaintiff.  Owen v. Chater, 913 F. Supp. 1413, 1420 (D. Kan. 1995).

When analyzing evidence of pain, the court does not require a formalistic factor-by-factor recitation of the evidence. So long as the ALJ sets forth the specific evidence he relies on in evaluating the claimant's credibility, the ALJ will be deemed to have satisfied the requirements set forth in Kepler. White v. Barnhart, 287 F.3d 903, 909 (10th Cir. 2002); Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000). Furthermore, the ALJ need not discuss every relevant factor in evaluating pain testimony. Bates v. Barnhart, 222 F. Supp.2d 1252, 1260 (D. Kan. 2002). An ALJ must therefore explain and support with substantial evidence which part(s) of claimant's testimony he did not believe and why. McGoffin v. Barnhart, 288 F.3d 1248, 1254 (10th Cir. 2002). It is error for the ALJ to use standard boilerplate language which fails to set forth the specific evidence the ALJ considered in determining that a claimant's complaints were not credible. Hardman v. Barnhart, 362 F.3d 676, 679 (10th Cir. 2004). On the other hand, an ALJ's credibility determination which does not rest on mere boilerplate language, but which is linked to specific findings of fact fairly derived from the record, will be affirmed by the court. White, 287 F.3d at 909-910.

The court will not reweigh the evidence or substitute its judgment for that of the Commissioner. Hackett v. Barnhart, 395 F.3d 1168, 1173 (10th Cir. 2005); White v. Barnhart, 287 F.3d

903, 905, 908, 909 (10th Cir. 2002).  Although the court will
not reweigh the evidence, the conclusions reached by the ALJ
must be reasonable and consistent with the evidence.  See Glenn
v. Shalala, 21 F.3d 983, 988 (10th Cir. 1994)(the court must
affirm if, considering the evidence as a whole, there is
sufficient evidence which a reasonable mind might accept as
adequate to support a conclusion).  The court can only review
the sufficiency of the evidence.  Although the evidence may
support a contrary finding, the court cannot displace the
agency's choice between two fairly conflicting views, even
though the court may have justifiably made a different choice
had the matter been before it de novo.  Oldham v. Astrue, 509
F.3d 1254, 1257-1258 (10th Cir. 2007).

    The court finds no clear error by the ALJ in his
credibility analysis.  The ALJ reasonably relied on two medical
source opinions in finding that plaintiff was not fully
credible, and on portions of the record, including statements by
the plaintiff.  Dr. Coleman's report noted that the lupus
evaluation of September 18, 2014 showed a normal exam.  After
reviewing plaintiff's allegations and the medical record, he
concluded that the medical records do not indicate that
plaintiff has severe functional limitations stemming from her
many complaints (R. at 88).  The court will not reweigh the
evidence.  Although the evidence may support a contrary finding,

there is sufficient evidence in the record to find that plaintiff was not fully credible.  The balance of the ALJ's credibility analysis was supported by substantial evidence in the record.  See Barnum v. Barnhart, 385 F.3d 1268, 1274 (10th Cir. 2004)(while the court had some concerns about the ALJ's reliance on plaintiff's alleged failure to follow a weight loss program and her performance of certain household chores, the court concluded that the balance of the ALJ's credibility analysis was supported by substantial evidence in the record).

**IV.  Did the ALJ err by finding that plaintiff's interstitial cystitis was not a severe impairment?**

The burden of proof at step two is on the plaintiff.  See Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993)(the claimant bears the burden of proof through step four of the analysis).  A claimant's showing at step two that he or she has a severe impairment has been described as "de minimis."  Hawkins v. Chater, 113 F.3d 1162, 1169 (10th Cir. 1997); see Williams v. Bowen, 844 F.2d 748, 751 (10th Cir. 1988)("de minimis showing of medical severity").  A claimant need only be able to show at this level that the impairment would have more than a minimal effect on his or her ability to do basic work activities.[1]

---

[1] Basic work activities are "abilities and aptitudes necessary to do most jobs," 20 C.F.R. § 404.1521(b)[416.921(b)], including "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling; seeing, hearing, and speaking; understanding, carrying out, and remembering simple instructions; use of judgment, responding appropriately to supervision, coworkers, and usual work situations; and dealing with changes in a routine work

<u>Williams</u>, 844 F.2d at 751.  However, the claimant must show more than the mere presence of a condition or ailment.  If the medical severity of a claimant's impairments is so slight that the impairments could not interfere with or have a serious impact on the claimant's ability to do basic work activities, the impairments do not prevent the claimant from engaging in substantial work activity.  Thus, at step two, the ALJ looks at the claimant's impairment or combination of impairments only and determines the impact the impairment would have on his or her ability to work.  <u>Hinkle v. Apfel</u>, 132 F.3d 1349, 1352 (10th Cir. 1997).  A claimant must provide medical evidence that he or she had an impairment and how severe it was during the time the claimant alleges they were disabled.  20 C.F.R. § 404.1512(c), § 416.912(c).

The ALJ found that plaintiff had three severe impairments, but further found that "intestinal cystitis" was not a severe impairment because it had mostly resolved, and the record did not show a significant treatment or a limitation of work related functioning because of "intestinal cystitis" (R. at 13-14).[2] Plaintiff argues that the evidence supports a finding that interstitial cystitis is a severe impairment.

_____

setting." Social Security Ruling 85-28, 1985 WL 56856 at *3; <u>Langley v. Barnhart</u>, 373 F.3d 1116, 1123 (10th Cir. 2004).

[2] Although the ALJ misspelled interstitial cystitis, the court finds no error in the fact that the diagnosis or impairment was misspelled.

First, it is not reversible error if the ALJ fails to list all the severe impairments at step two.  In Brescia v. Astrue, 287 Fed. Appx. 626, 628-629 (10th Cir. July 8, 2008), the claimant argued that the ALJ improperly determined that several of her impairments did not qualify as severe impairments.  The court held that once an ALJ has found that plaintiff has at least one severe impairment, a failure to designate another as "severe" at step two does not constitute reversible error because, under the regulations, the agency at later steps considers the combined effect of all of the claimant's impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity.  In Hill v. Astrue, 289 Fed. Appx. 289, 291-292 (10th Cir. Aug. 12, 2008), the court held that once the ALJ finds that the claimant has any severe impairment, he has satisfied the analysis for purposes of step two.  The ALJ's failure to find that additional alleged impairments are also severe is not in itself cause for reversal.  However, the ALJ, in determining plaintiff's RFC, must consider the effects of all of the claimant's medically determinable impairments, both those he deems "severe" and those "not severe."

Second, the ALJ noted in his decision that in making his RFC findings, he must consider all of plaintiff's impairments, including those determined to be "not severe" (R. at 12).  The

ALJ later indicated that in making his RFC findings, he
considered all symptoms and the extent to which these symptoms
can reasonably be accepted as consistent with the objective
medical evidence, medical opinion evidence, and other evidence
(R. at 15).

In making his RFC findings, the ALJ considered the opinions
of Dr. Selby, Dr. Geis, and Dr. Coleman (R. at 22, 65-66, 87-88,
2270-2274).  Plaintiff has not provided any medical opinion
evidence that this impairment resulted in additional limitations
which the ALJ failed to include in his RFC findings.  The court
will not reweigh the evidence.  The court finds that substantial
evidence supports the ALJ's finding that plaintiff's
interstitial cystitis was not a severe impairment because it had
mostly resolved, and did not show a limitation of work related
functions.

**V.   Did the ALJ err in finding that plaintiff's impairment did
not meet or equal listed impairment 14.02B?**

Plaintiff has the burden to present evidence establishing
that his impairments meet or equal a listed impairment.
Fischer-Ross v. Barnhart, 431 F.3d 729, 733 (10th Cir. 2005).
In order for the plaintiff to show that his impairments match a
listing, plaintiff must meet "all" of the criteria of the listed
impairment.  An impairment that manifests only some of those
criteria, no matter how severely, does not qualify.  Sullivan v.

11

<u>Zebley</u>, 493 U.S. 521, 530, 110 S. Ct. 885, 891 (1990)(emphasis in original).

Listed impairment 14.02B requires a showing of repeated manifestations of lupus, with at least two of the constitutional symptoms or signs (severe fatigue, fever, malaise, or involuntary weight loss) and one of the following at the marked level:

1. Limitation in activities of daily living.
2. Limitation in maintaining social functioning.
3. Limitation in completing tasks in a timely manner due to deficiencies in concentration, persistence, or pace.

A marked limitation means that the signs and symptoms of your immune system disorder interfere seriously with your ability to function.  20 C.F.R. § 404, Subpt. P, App. 1 (2017 at 553-554). Medical equivalence is defined in 20 C.F.R. § 404.1526 (2016 at 381-382).  The determination of medical equivalence is to be based solely on medical findings.  <u>Puckett v. Chater</u>, 100 F.3d 730, 733 (10th Cir. 1996).

Plaintiff has the burden of presenting evidence that demonstrates that her impairment meets or equals a listed impairment, and it is not at all clear that the evidence presented by plaintiff clearly demonstrates that her impairments meet or equal listed impairment 14.02B.  There is no medical opinion evidence that plaintiff's impairments either meet or

equal listed impairment 14.02B.  In fact, both Dr. Geis and Dr. Coleman specifically considered this listed impairment, but neither medical source found that, based on the evidence in the record that they reviewed, the listed impairment was met or equaled (R. at 65, 86).  The court finds no clear error in the ALJ's finding that plaintiff's impairments do not meet or equal listed impairment 14.02B.  The court will not reweigh the evidence, even if the evidence might support a contrary finding. Substantial evidence supports the ALJ's finding that plaintiff does not have an impairment or combination of impairments that meets or equals listed impairment 14.02B.

**VI.  Did the ALJ err in his findings at step five?**

The ALJ found that plaintiff was limited to sedentary work, lifting and carrying ten pounds occasionally, and ten pounds frequently.  Claimant can walk or stand two hours out of an eight-hour workday.  She can sit for six hours out of an eight-hour workday (R. at 15).  The ALJ gave significant weight to the opinions of the state agency medical sources, who limited plaintiff to light work.  However, the ALJ reduced plaintiff's RFC to sedentary work based on evidence that plaintiff has hypertension, lupus, obesity, and plaintiff's allegations (R. at 22).  The two state agency medical sources, Dr. Geis and Dr. Coleman, limited plaintiff to light work with no other limitations (R. at 65-66, 87-88).

The ALJ then stated in his decision:

> If the claimant had the residual functional
> capacity to perform the full range of
> sedentary work, a finding of "not disabled"
> would be directed by Medical-Vocational Rule
> 201.28.  However, the claimant's ability to
> perform all or substantially all of the
> requirements of this level of work has been
> impeded by additional limitations…the
> Administrative Law Judge asked the
> vocational expert whether jobs exist in the
> national economy for an individual with the
> claimant's age, education, work experience,
> and residual functional capacity.  The
> vocational expert testified that given all
> of these factors the individual would be
> able to perform the requirements of
> sedentary work.

(R. at 24).

However, the record is clear that the ALJ did not include in his RFC findings any findings other than limiting him to the physical exertional requirements of sedentary work (R. at 15, 22).  The record is also clear that the ALJ never inquired of a vocational expert (VE) about whether plaintiff could perform work given a limit to sedentary work and additional limitations. At the hearing, the ALJ specifically indicated he had no hypotheticals because, according to the ALJ, it would boil down to "less than sedentary and missing too many days of work" (R. at 56).  Plaintiff's counsel agreed with this assessment (R. at 56).  Plaintiff's counsel had earlier argued that plaintiff would be unable to work primarily due to absenteeism and being off task at work because of the need for frequent and urgent

urination due to her impairment (R. at 33-34).  However, there
is no medical opinion evidence that indicates that plaintiff has
any limitations other than the exertional limitation to light
work.

It appears clear to the court that the ALJ erroneously
included in his opinion the language quoted above regarding
additional limitations other than a limitation to sedentary
work, and reference to a VE.  The ALJ clearly erred by very poor
proofreading of his opinion.  That error should have been caught
and corrected by the ALJ or the Appeals Council when they
reviewed the decision.  The question before the court is whether
this case should be reversed and remanded on this basis.

Courts should apply the harmless error analysis cautiously
in the administrative review setting.  Fischer-Ross v. Barnhart,
431 F.3d 729, 733 (10th Cir. 2005).  However, it may be
appropriate to supply a missing dispositive finding under the
rubric of harmless error in the right exceptional circumstance
where, based on material the ALJ did at least consider (just not
properly), the court could confidently say that no reasonable
factfinder, following the correct analysis, could have resolved
the factual matter in any other way.  Fischer-Ross, 431 F.3d at
733-734; Allen v. Barnhart, 357 F.3d 1140, 1145 (10th Cir.
2004).

It is clear that the ALJ found that plaintiff was limited to sedentary work, with no additional limitations, and that the ALJ did not present a VE with a hypothetical question with plaintiff's RFC limitations.  At step five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in the national economy.  Nielson, 992 F.2d at 1120; Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993).  To meet this burden, the Commissioner may rely on the Medical-Vocational Guidelines (grids). 20 C.F.R. Part 404, Subpt. P, App. 2.  Williams v. Bowen, 844 F.2d 748, 751 (10th Cir. 1988).  The grids contain tables of rules which direct a determination of disabled or not disabled on the basis of a claimant's RFC category, age, education, and work experience. Thompson, 987 F.2d at 1487.  Given an RFC limiting plaintiff to sedentary work, the ALJ could reasonably rely on the grids to find plaintiff not disabled.  A remand on the facts of this case would constitute an unwarranted remand needlessly prolonging administrative proceedings.  See Wall v. Astrue, 561 F.3d 1048, 1069 (2009); Fischer-Ross, 431 F.3d at 730.  Therefore, on the facts of this case, the court finds the erroneous reference by the ALJ to additional limitations and a reference to a VE to be harmless error.

IT IS THEREFORE ORDERED that the judgment of the Commissioner is affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

Dated this 9th day of March 2018, Topeka, Kansas.


s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge